UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JULIE A. LYNN, | ) | CASE NO. C07-1798-JCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | RE: SOCIAL SECURITY |
| MICHAEL J. ASTRUE, | ) | DISABILITY APPEAL |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Julie A. Lynn proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's applications for Disability Insurance (DI) and Supplemental Security Income (SSI) benefits after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be AFFIRMED.

/ / /

/ / /

/ / /

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -1

## FACTS AND PROCEDURAL HISTORY

Plaintiff was born on XXXX, 1978.[1]  She attended special education classes but did not graduate from high school or obtain a GED. (AR 87.)  Plaintiff previously worked as a laundry/kitchen worker and as a produce picker.[2] (AR 21.)

Plaintiff filed DI and SSI applications on May 21, 2004, alleging disability beginning October 1, 2001 due to Aspergers disorder. Her applications were denied at the initial level and on reconsideration, and she timely requested a hearing.

ALJ Edward Nichols held a hearing on October 11, 2006, taking testimony from plaintiff, her mother, and vocational expert Brian Sorenson. (AR 212-45.) On December 4, 2006, the ALJ issued a decision finding plaintiff not disabled. (AR 16-23.)

Plaintiff timely appealed.  The Appeals Council denied plaintiff's request for review on September 6, 2007 (AR 6-9), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

[2] Because plaintiff earned below substantial gainful activity levels at these jobs, the ALJ found this did not constitute past relevant work. (AR 21.)

01 be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not

02 engaged in substantial gainful activity since her alleged onset date. At step two, it must be

03 determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's

04 depression, attention deficit hyperactivity disorder, learning disabilities involving math and writing,

05 and a history of Asperger's Syndrome severe. Step three asks whether a claimant's impairments

06 meet or equal a listed impairment. The ALJ found that plaintiff's impairments did not meet or

07 equal the criteria for any listed impairment.

08      If a claimant's impairments do not meet or equal a listing, the Commissioner must assess

09 residual functional capacity (RFC) and determine at step four whether the claimant has

10 demonstrated an inability to perform past relevant work. The ALJ found plaintiff to have no

11 physical limitations and therefore retained the RFC to perform very heavy work, and to be capable

12 of lifting 100 pounds or more occasionally, 50 pounds or more frequently, and to stand, sit or walk

13 for about six hours in an eight hour work day. With respect to plaintiff's mental abilities, the ALJ

14 found plaintiff capable of simple, repetitive work that is shown by demonstration, in a position

15 with limited contact with co-workers and the public. Plaintiff was found capable of doing tasks

16 that involve limited writing or math, and no rapid hand/eye coordination The ALJ determined that

17 plaintiff had no past relevant work.

18      If a claimant demonstrates an inability to perform past relevant work, the burden shifts to

19 the Commissioner to demonstrate at step five that the claimant retains the capacity to make an

20 adjustment to work that exists in significant levels in the national economy. The ALJ found that

21 the Medical-Vocational Guidelines support a finding that plaintiff is not disabled, whether or not

22 she has transferable job skills. However, because plaintiff's ability to perform work at all

exertional levels has been compromised by non-exertional limitations, the ALJ relied on the testimony of the vocational expert in making the step five finding that plaintiff could perform work, such as a laundry worker or a kitchen helper, that exists in significant numbers in the national economy. Therefore, the ALJ found plaintiff to be not disabled.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues[3] that the ALJ erred in finding her able to perform the duties of laundry helper or kitchen helper.[4] Specifically, plaintiff contends that the ALJ failed to consider all relevant evidence in the record relative to her mental RFC, and erred in finding her able to function well enough to work when properly medicated and in finding her daily activities not consistent with disability. Plaintiff further argues that the vocational expert did not properly assess the

---

[3] Plaintiff's Opening Brief contains a lengthy Statement of Facts. The parties are reminded that such a recitation is unnecessary and, in fact, discouraged. Rather, a discussion of the relevant facts and portions of the administrative record should be conducted in the context of specific assignments of error.

[4] Plaintiff suggests that the ALJ also found her capable of performing the job of "stores laborer," but the ALJ did not include this job in the step five finding. (AR 22.)

requirements of the positions identified at step five of the sequential analysis. She requests remand for an award of benefits or, in the alternative, for further administrative proceedings. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

<u>Mental Residual Functional Capacity</u>

Plaintiff argues that the ALJ did not take into account the severity of her Asperger's Syndrome in determining her mental RFC. She alleges the ALJ did not consider all relevant evidence in the record relative to this issue. Plaintiff argues that educational and medical records clearly indicate a diagnosis of Asperger's disorder, citing as well to the Social Security Administration's Listing of Impairments, 20 C.F.R. Pt. 404, Subpt. P. App. 1, § 12.10, "Autistic disorder and other pervasive developmental disorders".

Contrary to plaintiff's contention, the ALJ specifically discussed plaintiff's Asperger's disorder and considered the effect of that condition on her ability to function. The ALJ discussed the opinion of examining psychologist Alan Breen, Ph.D., who opined that plaintiff had adequate attention and concentration during the examination, moderate difficulty in functioning, and would likely improve on medication. (AR 19, 21.) The ALJ discussed the examination and testing conducted by psychologist Karen Anderson, Ph.D., who concluded that plaintiff was functioning in the average range of intellectual ability with some deficits in her non-verbal abilities. (AR 19.) The ALJ took into account the opinion of consulting psychiatrist Anne Thomas, M.D., who diagnosed plaintiff with Asperger's disorder and depression. The ALJ noted Dr. Thomas' opinion that plaintiff would have difficulty completing complex tasks but might be able to complete simple tasks that did not involve multi-tasking, and might have difficulty getting along with supervisors

and co-workers. (AR 19, 21.) Dr. Thomas also opined that plaintiff might have difficulty working on a consistent basis. The ALJ gave Dr. Thomas' opinion "some but not great weight" to the extent that the opinion was not entirely consistent with the objective evidence of record, incorporating the rest of the opinion into the RFC assessment. (AR 21.) The ALJ is responsible for resolving conflicts in the medical evidence. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

It is unclear if plaintiff is arguing that the ALJ erred by failing to find that she met the listing requirements for Asperger's disorder at step three of the sequential analysis. Plaintiff bears the burden of proving the existence of impairments meeting or equaling a listing. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). The diagnosis of an impairment is not enough. The claimant must show that she has the <u>findings</u> shown in the listing of that impairment. *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985). *See also Sample*, 694 F.2d at 642 ("The existence of emotional disorder, however, is not *per se* disabling . . . there must be proof of the impairment's disabling severity.") Although plaintiff argues that the ALJ failed to consider all relevant evidence in the record relative to her mental RFC, she does not, in fact, cite any evidence that the ALJ failed to consider or offer any analysis of how the ALJ erred in concluding that she did not meet the listing requirements.

In sum, plaintiff does not demonstrate error in the ALJ's consideration of her Asperger's disorder, in evaluating the medical evidence of record, or in finding that this condition did not meet the listing of impairments at step three of the sequential analysis.

### Consideration of Daily Activities

Plaintiff argues that the ALJ erred in finding that she was able to function well enough to

01 work when properly medicated and that her daily activities are not consistent with disability. Since
02 it is not the function of the reviewing court to simply re-weigh the evidence, plaintiff's argument
03 will be construed as an argument that these findings lacked the support of substantial evidence.

04 In finding plaintiff able to work, the ALJ primarily relied on the medical evidence of record
05 and the opinions of the medical experts, "[who] all seem to think the claimant can do some kind
06 of low level work." (AR 21.) The ALJ considered the fact that plaintiff had previously been able
07 to work as a laundry/kitchen worker at the YWCA for nine months as evidence of her capability
08 to do some type of work activity. The ALJ also found plaintiff's daily activities "not consistent
09 with disability":

> She cleans her home, does laundry, goes shopping, and prepares meals. She cares for herself and her two children, ages two and nine. Socially, she maintains a relationship with her mother, sister, a boyfriend, and another close friend, although she complains that she is otherwise socially isolated. Particularly telling of her true level of functioning is her recent statement to her mental health provider that she would "like to be on SSI and have at least a part-time job." It appears that the claimant's lack of motivation, rather than her impairments, prevents her from working.
>
> Finally, I note that the claimant actually worked after the date she alleges she became disabled and unable to work. The claimant worked for a period of nine months as a laundry/kitchen worker at the YWCA. This is persuasive evidence that the claimant is capable of some type of work activity.

17 (AR 20-21, internal citations to administrative record omitted.)

18 An ability to take care of personal needs, prepare easy meals, do light housework, and shop
19 for some groceries may be seen as inconsistent with a condition that precludes all work activity.
20 *Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir. 1990). While plaintiff may disagree with the
21 ALJ's interpretation of the evidence in the record, she fails to show that the ALJ's interpretation
22 was not rational. *See Thomas*, 278 F.3d at 954. *See also Sample*, 694 F.2d at 642 ("Our sole

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -7

01 inquiry is whether the record, read as a whole, yields such evidence as would allow a reasonable

02 mind to accept the conclusions reached by the law judge.") (citing *Richardson v. Perales*, 402

03 U.S. 389, 401 (1971)).

### Step Five Finding

05 Plaintiff contends that the vocational expert (VE) failed to properly assess the requirements

06 for the jobs identified as within her functional capacity to perform. Plaintiff further argues that the

07 ALJ erred in failing to resolve the conflict between the testimony of the VE and the requirements

08 of the jobs as found in the Dictionary of Occupational Titles (DOT).

09 The ALJ need only include impairments in a hypothetical posed to a VE that are supported

10 by substantial evidence in the record. *Osenbrock v. Apfel*, 240 F.3d 1157, 1164 (9th Cir. 2001).

11 Here, the ALJ posed a hypothetical to the vocational expert (VE), asking the expert to identify

12 jobs that could be performed by a younger individual with an eleventh grade education in special

13 education, Asperger's syndrome, attention deficit disorder, learning disabilities in math and

14 writing, depression, no exertional restrictions, non-exertional limitations of simple, repetitive,

15 two/three step work preferably shown by demonstration and fairly minimal coworker and public

16 contact, no rapid hand/eye coordination, and no complicated schematics or instructions or

17 sequential memory items. (AR 238-39.) In response, the VE testified that the individual could

18 perform the job of laundry worker II, with a DOT classification of 361.685-081, and kitchen

19 helper, with a DOT classification of 318.687-010. (AR 239-40.) In response to questioning from

20 plaintiff's counsel, the VE testified that the jobs would not require multitasking (doing many tasks

21 "all at once") and testified that the jobs required limited contact or cooperation with coworkers.

22 (AR 242-43.) Relying on this testimony, the ALJ found plaintiff capable of performing these

occupations, existing in significant numbers in the state and national economy and, therefore, not disabled.

Plaintiff argues that the positions of kitchen helper and laundry worker II require the ability to accomplish a variety of tasks in no particular order and, therefore, the VE's testimony about the requirements of the jobs conflicted with the DOT. Plaintiff's argument is nonavailing. The VE explained in his testimony that, while the tasks required of the kitchen helper or laundry worker II might vary throughout the workday, they were not required to "multitask", that is, to do the tasks all at the same time. (*See* AR 242 ("I would say there's a few simple tasks . . . for each of those jobs that they commonly would, in a given day, switch to.")) Plaintiff fails to show any discrepancy between the jobs identified by the VE and the DOT description of those jobs, and fails to show a lack of substantial evidence for the ALJ's finding that the VE's testimony was consistent with the DOT.

## **CONCLUSION**

For the reasons set forth above, this matter should be AFFIRMED.

DATED this 1st day of May, 2008.

Mary Alice Theiler
United States Magistrate Judge